IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

JONATHAN A. WHEELER,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY
and AIR LIQUIDE USA, LLC LONG TERM DISABILITY
PLAN,

    Defendants.

Case No. _____

## COMPLAINT

Plaintiff, Jonathan Wheeler, by and through undersigned counsel, filed this Complaint against Defendants Met Life Insurance Company and Air Liquide USA LLC for unlawful denial of long-term disability benefits pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*

### JURISDICTION AND VENUE

1. This Court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 because this case arises under the laws of the United States – namely, the ERISA.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred within the district and because the Defendant is subject to personal jurisdiction in this district.

3. Metropolitan Life Insurance Company is a New York corporation and may be served with process through its registered agent CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

4. Defendant Air Liquide Long Term Disability Plan may be served with process through its registered agent Capitol Corporate Services, Inc, 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

## ALLEGATIONS

5. Plaintiff Jonathan Wheeler is a former "employee" of Air Liquide USA, LLC as the term employee is defined in 29 U.S.C. § 1002(5) and (6).
6. At all material times, Mr. Wheeler was employed as a Biogas Clean Energy Plant Manager.
7. Defendant Air Liquide LTD Plan is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).
8. Defendant MetLife is the plan administrator for the LTF Plan which covered Mr. Wheeler as an Air Liquide employee.
9. At all times relevant hereto Plaintiff was a "participant" in and a "beneficiary" of the Air Liquide LTD Plan.
10. Air Liquide entered into an agreement with MetLife to act as claim and appeals administrator as to benefit determinations for the Plan.
11. As relevant here, MetLife exercised discretion of behalf of the Plan, administers LTD claims, and decides LTD appeals, while the Plan is ultimately responsible for paying LTD benefits.
12. Mr. Wheeler's last day of active employment as a Biogas Clean Energy Plan Manager was December 29, 2017.

13. In December 2017, Mr. Wheeler sought and was awarded short term disability benefits due to a myocardial infarction.

14. Mr. Wheeler was approved for long term disability benefits from July 5, 2018 through June 25, 2020.

15. On June 25, 2020, MetLife denied further long term disability benefits to Mr. Wheeler stating that he no longer satisfied the definition of Disability set forth in the Plan.

16. Under the LTD Plan, "Disability" means:

    that, due to Sickness or as a direct result of accidental injury:
    - You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
    - You are unable to earn:
        o During the Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in the National Economy;
        o After such period, more than 80% of your Predisability Earnings from any employer in the National Economy at any gainful occupation for which you are reasonably qualified taking into account your training, education and experience.

17. Plaintiff appealed MetLife's denial.

18. On November 9, 2021, MetLife denied Plaintiff's appeal and upheld its termination of Mr. Wheeler's benefits.

19. The denial letter stated that Mr. Wheeler's claim was denied because the medical documentation failed to support Mr. Wheeler required restrictions and limitations that would prevent him from performing the duties of his job.

20. MetLife's decision to deny Mr. Wheeler benefits contradicts the opinions and findings of Mr. Wheeler's treating physicians.

21. Mr. Wheeler has been deemed disabled by the Social Security Administration (SSA) and receives SSA disability benefits.

22.

## COUNT I

23. Plaintiff's current and anticipated disability has continuously and presently prevented him from engaging in employment from December 2017 until the present.

24. Because of his disability, Mr. Wheeler has a right to continued long term disability benefits under the LTD Plan.

25. To date, Defendants have refused to provide Mr. Wheeler with such benefits.

26. By denying these benefits, Defendants have breached Plaintiff's rights under the ERISA.

27. As a result of Defendants' aforesaid ERISA violations, Plaintiff is entitled to monetary damages.

28. This court should review this claim *de novo* because MetLife, the party which decided Mr. Wheeler's appeal, was not properly delegated authority to do so.

29. If for any reason the Court concludes that review is for abuse of discretion, then this Court should review the Plan's decision with limited deference because:

    a. It failed to comply with ERISA's procedural requirements regarding benefit claims procedures and full and fair review of benefit claim denials.

    b. It refused to consider all evidence presented by Plaintiff in the court of his appeal.

    c. It relied upon factually unsubstantiated medical reviews that were provided by MetLife's hired physicians.

30. The LTD Plan's termination of Plaintiff's long term disability benefits was arbitrary and capricious, an abuse of discretion and in violation of the terms of the Plan.

31. Plaintiff has exhausted all administrative remedies required to be exhausted by the terms of the Plans and ERISA.

32. ERISA section 503, 29 U.S.C. section 1133 provides: "In accordance with regulations of the Secretary, every employee benefit plan shall– (1) provide adequate notice in writing to any participant, beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reason for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

33. Defendant was required to provide Plaintiff a full and fair review of his claim for benefits pursuant to 29 U.S.C. §1133 and its implementing Regulations. Specifically:

    a. 29 U.S.C. §1133 mandates that, in accordance with the Regulations of the Secretary of Labor, every employee benefit plan, including defendants herein, shall provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant and afforded a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by an appropriate named fiduciary of the decision denying the claim.

    b. The Secretary of Labor has adopted Regulations to implement the requirements of 29 U.S.C. §1133. These Regulations are set forth in 29 C.F.R. §2560.503-1 and provide, as relevant here, that employee benefit plans, including Defendant, shall establish and maintain reasonable procedures governing the filing of benefit

claims, notifications of benefit determinations, and appeal of adverse benefit determinations and that such procedures shall be deemed reasonable only if:

    i.   Such procedures comply with the specifications of the Regulations.

    ii.  The claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit determinations are made in accordance with governing plan documents and that, where appropriate, The Policy provisions have been applied consistently with respect to similarly situated claimants.

    iii. Written notice is given regarding an adverse determination (i.e., denial or termination of benefits) which includes: the specific reason or reasons for the adverse determination; with reference to the specific plan provisions on which the determination is based; a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; a description of The Policy's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following a denial on review; if an internal rule, guideline, protocol, or similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule,

        guideline, protocol, or other criterion will be provided free of charge to the claimant upon request.

    iv. The plan is required to provide a full and fair review of any adverse determination which includes: a. That a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. b. A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information: (1) was relied upon in making the benefit determination; (2) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; (3) demonstrates compliance with the administrative processes and safeguards required pursuant to the Regulations in making the benefit determination; or (4) constitutes a statement of policy or guidance with respect to the plan concerning the denied benefit without regard to whether such statement was relied upon in making the benefit determination.

c. The Regulations further provide that for a review that takes into account all comments, documents, records and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination;

    d. The Regulations further provide that, in deciding an appeal of any adverse determination that is based in whole or in part on a medical judgment that the appropriate named fiduciary shall consult with a healthcare professional who has appropriate training and experience in the field of medicine involved in the medical judgment.

    e. The Regulations further require a review that does not afford deference to the initial adverse benefit determination and that is conducted by an appropriate named fiduciary of the Plan who is neither the individual who made the adverse benefit determination that is the subject of the appeal nor the subordinate of such individual.

    f. The Regulations further provide that a healthcare professional engaged for the purposes of a consultation for an appeal of an adverse determination shall be an individual who is neither the individual who was consulted in connection adverse benefit determination which was the subject of the appeal nor the subordinate of any such individual.

34. Defendant denied Plaintiff a full and fair review of his claim for benefits as follows:

    a. MetLife has claims procedures which contain administrative processes and safeguards designed to ensure and to verify that benefit determinations are made in accordance with governing plan documents and that, where appropriate, the plan's provisions have been applied consistently with respect to similarly situated claimants, but refused to provide them to Wheeler

    b. MetLife, when terminating Plaintiff's claim for LTD benefits, did not provide a description of the additional material or information necessary for Plaintiff to

perfect his claim or an explanation as to why material previously submitted and relied upon in approving Wheeler's disability was no longer adequate.

    c. MetLife failed and refused to provide all relevant documents to Plaintiff for use in his appeals. Specifically, MetLife withheld relevant records, including, but not limited to: (i) Claims procedures as specified in Paragraph 29; (ii) Statements of policy or guidance with respect to the plan concerning the denied benefit without regard to whether or not the statement was relied upon in making the benefit determination, as specified in Paragraph 29.

    d. MetLife did not consider the comments and documents submitted in support of Plaintiff's appeals.

    e. MetLife failed to provide the reviewing physicians communications and time records regarding their work, which documents are relevant to Wheelers' claim for benefits.

    f. MetLife otherwise violated the Regulations.

35. An actual controversy has arisen and now exists between Plaintiff and Defendant with respect to whether Plaintiff is entitled to continued benefits under the LTD Plan.

36. Plaintiff contends, and The LTD Plan disputes, that Plaintiff is entitled to the remaining LTD benefits under the terms of The LTD Plan because Plaintiff contends, and Defendant LTD Plan disputes, that Plaintiff is totally disabled.

37. Plaintiff desires a judicial determination of his rights and a declaration as to which party's contention is correct, together with a declaration that Defendant LTD Plan is obligated to pay remaining long-term disability benefits of The LTD Plan, retroactive to

the first day his benefits were terminated, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the LTD Plan

38. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

39. As a proximate result of Defendant The LTD Plan's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which he is entitled under the terms of The LTD Plan. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights.

WHEREFORE, Plaintiff prays judgment as follows:

1. For declaratory judgment against Defendants requiring Defendant LTD Plan to pay long-term disability benefits through exhaustion.
2. For attorney's fees pursuant to statute against both defendants.
3. For costs of suit incurred against both defendants.
4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ASHLEY SATTERFIELD** (BPR#030614)
REAVES LAW FIRM, PLLC
*Attorney for Plaintiff*

1991 Corporate Avenue, Suite 310
Memphis, TN  38132
Telephone: (901) 417-7166
ashley.satterfield@beyourvoice.com