IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JONATHAN A. WHEELER, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE COMPANY and AIR LIQUIDE USA, LLC LONG TERM DISABILITY PLAN, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:22-cv-02333 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT MOTION TO SET CASE ON ADMINISTRATIVE TRACK AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Jonathan A. Wheeler ("Plaintiff") and Defendant Metropolitan Life Insurance Company ("MetLife;" collectively, Plaintiff and MetLife shall be referred to as the "Parties"), pursuant to Local Rule 16.2(b), hereby move to set the above-captioned case on the "Administrative Track." In further support of this Motion, the Parties state as follows:

1. Plaintiff filed his Complaint in this Court on May 27, 2022. (*See generally* Doc. 1.)

2. Plaintiff's Complaint alleges that he is entitled to past and continued long-term disability benefits pursuant to the Air Liquide USA LLC Long Term Disability Plan (the "Plan").

3. The Plan is a long-term disability ("LTD") benefit plan that qualifies as an "employee welfare benefit plan," under the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1002(1).

4. Plaintiff's sole cause of action is brought under ERISA. Pursuant to 29 U.S.C. § 1132, Plaintiff asks the Court to award past-due benefits, enter a declaratory judgment finding

that he is entitled to ongoing future benefits, and award him his reasonable costs and attorneys' fees.

5. This Court sent a Notice of Scheduling/Status Conference on August 30, 2022. (*See* Doc. 11.) From the Court's Notice, it appears that this case is currently set on the Standard Track.

6. Under Local Rule 16.2(b)(1)(A)(i), cases should be placed on the Administrative Track if they are "actions for judicial review of administrative decisions of government agencies or instrumentalities in which the review is conducted on the basis of the administrative record." Local Rule 16.2(b)(1)(A)(ii) further provides that "[o]ther cases may be assigned to this track based on the nature of the case."

7. Like actions for judicial review of administrative decisions of government agencies, actions brought to recover LTD benefits under ERISA are generally decided solely on the administrative record. *See Guest-Marcotte v. Life Ins. Co. of N. Am.*, 730 F. App'x 292, 304 (6th Cir. 2018) (The general rule in ERISA denial-of-benefits cases is that the district court's review is limited to the administrative record, and thus discovery is not available."); *see also, e.g.*, *Murchison v. Reliance Standard Life Ins. Co.*, No. 119CV01028JDBJAY, 2020 WL 1962987, at *6 (W.D. Tenn. Apr. 23, 2020) (in reviewing claim for denial of benefits, "the district court is limited to the evidence before the plan administrator at the time of its decision (i.e., the administrative record") (quoting *Canada v. Am. Airlines, Inc. Pilot Ret. Benefit Program*, 572 F. App'x 309, 313 (6th Cir. 2014))).

8. Further, the Sixth Circuit "does not allow jury trials for appeals from ERISA claim denials." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir. 1998); *see also Ingram v. Metlife Disability Ins.*, No. 03-1121-T, 2003 WL 22005015, at *1 (W.D. Tenn. Aug. 12, 2003) ("It is well established that there is no right to a jury trial under ERISA.").

- 3 -

9.      Because this action is not subject to traditional discovery or pretrial rules, the Parties move to set it on the Administrative Track so that the dispute over Plaintiff's entitlement to LTD benefits may be resolved "inexpensively and expeditiously." *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998) (quoting *Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 1990)).

10.     A proposed Administrative Track Scheduling Order is attached as **Exhibit A** to this Motion. A Word version of the proposed Order has also been submitted to ECF_Judge_Parker@tnwd.uscourts.gov.

WHEREFORE, the Parties respectfully request that the above-captioned case be set on the Administrative Track and that the Court enter the proposed Administrative Track Scheduling Order attached hereto as **Exhibit A** and separately submitted via email to the Court.

Respectfully submitted,

*/s/ Caroline D. Spore*
Leigh Anne Hodge (BPR #28639)
Caroline D. Spore (BPR #36214)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203
Telephone: (615) 252-3806
Fax: (615) 252-6380
lhodge@bradley.com
cspore@bradley.com
*Attorneys for Defendant Metropolitan Life Insurance Company*

*/s/ Jason Hines*
Mark Schirmer (BPR #19717)
Jason Hines (BPR #28139)
Reaves Law Firm, PLLC
1991 Corporate Avenue, Suite 310
Memphis, Tennessee 38132
Telephone: (901) 350-5336
mark.schirmer@beyourvoice.com
jason.hines@ beyourvoice.com

*Attorneys for Plaintiff Jonathan Wheeler*

## CERTIFICATE OF SERVICE

     I hereby certify that on this the 27th day of September, 2022, a true and correct copy of the foregoing is being electronically filed with the Clerk of the Court through the Court's Electronic Case Filing system, which will provide notice of filing to the following:

    Mark Schirmer
    Jason Hines
    Reaves Law Firm, PLLC
    1991 Corporate Avenue, Suite 310
    Memphis, Tennessee 38132

    Ashley Satterfield
    2029 Elzey Avenue
    Memphis, Tennessee 38104

    *Attorneys for Plaintiff*

                                                        */s/ Caroline D. Spore*
                                                        Caroline D. Spore